Michael Garth Moore (023742)
9040 North Placita Verde
Tucson, Arizona 85704
Telephone: 888-318-0075
mike@mgmoorelaw.com

Trial Counsel for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Eva Jackson, et al., | : | |
| Plaintiffs | : | |
| -v- | : | Civil Action No. 4:15-cv-0052-TUS-JAS |
| Christopher Nanos, et al., | : | Judge James A. Sotos |
| Defendants | : | |

-------------------------------------------------------------

| | | |
|---|---|---|
| Jill Larson, et al., | : | |
| Plaintiffs | : | |
| -v- | : | Civil Action No. 4:14-cv-01592-TUS-DCB |
| Christopher Nanos, et al., | : | |
| Defendants | : | Judge David C. Bury |

**PLAINTIFFS EVA AND AMBER JACKSON'S MOTION TO TRANSFER AND CONSOLIDATE**

Now come Plaintiffs Eva and Amber Jackson, joined by Plaintiffs Jill and Robbin Larson, and move, pursuant to Fed. R. Civ. Pro. 42, Fed. R. Civ. Pro. 20(a)(2) and Local Rule Civ. 42.1, that the Jackson case be transferred to the

docket of the Honorable David C. Bury and consolidated, for purposes of discovery, with that of the Larson case.

The reasons warranting these Orders are set forth below.

## MEMORANDUM

**A. The standard of review**

Local Rule Civ.42.1(A), provides, in pertinent part, that

> When two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a single judge on the ground that the cases: (1) arise from substantially the same … event; (2) involve substantially the same parties….; [or](4) call for determination of substantially the same questions of law; or (5) for any other reason *would entail substantial duplication of labor if heard by different Judges.* (emphasis added).

Fed. R. Civ. Pro. 42(a)(2), provides that "If actions before the court involve a common question of law or fact, the court may: … (2) consolidate the actions…"

Fed. R. Civ. Pro. 20(b) provides, in pertinent part, that defendants may be joined in a single action if the claims against them arise out of "a single transaction or occurrence or series of transactions or occurrences…."

> To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation. [W]hile a district court does have broad discretion in determining whether consolidation is appropriate, typically, consolidation is favored.
> *In re Oreck Corporation Halo Vacuum and Air Purifiers Marketing and Sales Practices Litigation,* 282 F.R.D. 486, 490 (C.D. Cal. 2010)(citations omitted).

The two cases here involve virtually identical parties-Defendant, and the identical facts and legal questions. Discovery has already been concluded in

2

the Larson case, and Judge Bury has considered the legal questions on summary judgment. For these reasons, more fully addressed herein, transfer and consolidation are appropriate.

**B. Proceedings in Larson**

The event which gives rise to both cases was the "containment and call-out" executed by Pima County Sheriff deputies of both residences occupied, first, by the Larsons, then by the Jacksons, on the night of May 23, 2013. One after the other, on the same 911 call.

The Larson Defendants are, except for the Defendant Maldonado [who did not participate in the first "containment and call-out"], identical to those in Jackson. The same Fourth Amendment violations arising from seizure of the Plaintiffs and searches of their homes, are asserted in each case. Of critical importance, both cases assert that the events of that night arose out of an overarching practice instituted by the Pima County Sheriff. *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008).

Extensive discovery was undertaken in the Larson case, and numerous depositions and exhibits filed with the Court.

The parties filed cross-motions for summary judgment, and on September 9, 2015, Judge Bury ruled on the claims, and denied summary judgment to the Defendants. That Order, Doc. 62, is appended to this Motion as Appendix A.

Subsequently, an interlocutory appeal was made to the Ninth Circuit Court of Appeals, but that appeal was dismissed and the case has been returned to Judge Bury.

**C. Grounds for Transfer to Judge Bury and Consolidation**

This case presents the quintessential example of those for which the Rules of consolidation and joinder were formulated. Transfer and consolidation before the Judge who has already addressed the key factual and legal questions, in which much of the evidence is already in the record, will result in an enormous saving of judicial time and resources.

The parties in Jackson have just begun depositions, and although counsel for the Defendants was asked to stipulate in Jackson that the discovery already in the record in Larson be deemed taken in Jackson as well, she declined. In the event this Court does not transfer and consolidate, the Jackson Plaintiffs will be compelled to duplicate all this record evidence. The parties will have to duplicate all the pleadings and submittal of exhibits yet again to this Court. As the sage Yogi Berra once observed, "This is déjà vu all over again."

That the Larson case is much more advanced on the docket is no hindrance, but a benefit. There is no need to delay the trial of Larson, and Plaintiffs do not ask this Court to do so. The Court may consolidate to take advantage of all the work so far accomplished, but order separate trials of the actions. See, Fed. R. Civ. Pro. 20(b).

4

### D. Conclusion

For the reasons set forth above, Plaintiffs respectfully request that the Jackson case be transferred to the docket of Judge Bury, and then consolidated with the Larson case for purposes of discovery.

Respectfully submitted,

/s/ Michael Garth Moore
Michael Garth Moore (023742)
9040 North Placita Verde
Tucson, Arizona 85704
Telephone: 888-318-0075
mike@mgmoorelaw.com

Trial Counsel for Plaintiffs

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was filed through the Court's electronic filing system on January 27, 2016. Notice of this filing will be sent to all parties and counsel through the Court's filing system. Parties and counsel may access the filing through the Court's system.

Respectfully submitted,
/s/ Michael Garth Moore

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28